MISSOURI, KANSAS & TEXAS RLY. CO. v. H. E. DURKEE.

PRACTICE IN SUPREME COURT; *Immaterial Error.* The supreme court will not reverse a judgment of the district court for immaterial error.

*Error from Labette District Court.*

DURKEE sued the railroad company to recover the value of 300 telegraph poles. The petition alleged that said poles were the property of *Durkee* and of the value of one dollar each, and that the "defendant, by its agents took possession of said poles and converted the same to the use of said company," etc. Answer, general denial. The case was tried at the November Term 1871. Verdict and judgment for plaintiff, and the *Railway Co.* bring the case here for review.

*Willard Davis,* and *W. C. Webb,* for plaintiff in error:

There is but a single point in this case, namely, is there *any testimony to support the verdict?* The plaintiff below, (Durkee,) called two witnesses, H. E. Durkee and John O. Sullivan. Not a word can be found in the testimony of either of these witnesses showing or tending to show a shadow of right on part of plaintiff to recover. Did the *mistake* of the counsel who tried the case in the court below on the part of the railway company, in calling witnesses, supply the defect, and make a case for the plaintiff? We say not. He called only one witness, F. A. Hyatt. This witness testified that he was one of a firm (Hyatt, Zimmerman & Co.) who had a contract with defendant to put up telegraph poles; that his firm sub-let a contract to one Fields; that Fields furnished them some poles, and other parties furnished other poles; that *in no case* did his firm take, accept or use any poles, except those which had been *inspected, accepted* and *marked.* He says he heard that Durkee was complaining that Fields had not paid for poles which he (Durkee) *had furnished to Fields.* Durkee, in his own behalf, had stated that he had a contract to furnish *Fields;* that he did furnish some 200 poles which were *accepted,* (but he does not say, whether Fields *did or did not*

pay for them;) that he had hauled out and piled up some 324 other poles as he had agreed, and that as Fields declined to have them "inspected" he moved them on to Sullivan's land and left them; and that some 295 to 300 of them were taken away by some one *to him unknown.* And Sullivan had testified that some hands or workmen on the railroad took the poles, but *for* whom, by *whose* order, and *what became* of them, he does not know and does not state. And the court will notice that Hyatt does not say nor intimate that he was the agent, employee, or servant of the Railway Co. His firm were *principals;* they bought and paid for poles, from 50 to 65 cents each, and sold poles to the M. K. &. T. Railway Co. at 70 cents each.

An examination of the whole testimony, which is all in the case or bill of exceptions, will show that there is *no* evidence to sustain the verdict, and the court below erred in overruling the motion for a new trial.

*Bettis & Kelso,* for defendant in error:

1. There is no error in the record. The instruction asked by plaintiff in error was not law; and the record does not present the instructions which the court *did* give to the jury. 9 Kas., 176.

2. The assignment of error cannot avail in this court, because there was *some* evidence to sustain the verdict. This is well settled.

3. The pleadings presented an issue of fact, and no objection was made to them in the court below. The verdict and judgment are both formal, and proper, and no internal objection can be urged to them. No objection was made in the court below to a judgment upon the verdict, and the motion for a new trial was properly refused.

The opinion of the court was delivered by

VALENTINE, J.: There is certainly no error apparent upon the record in this case sufficient to require or even authorize a reversal of the judgment therein. The evidence of the

witness Hyatt, given on cross-examination, concerning a statement made by a Mr. White to himself, may not have been proper evidence on cross-examination, but still it could not in the least have prejudiced the substantial rights of the plaintiff in error. And therefore if any error at all was committed, the error was wholly immaterial. The instruction asked for by plaintiff in error, and refused by the court, does not seem to be good law. But if it were, none of the instructions that were given are embodied in the record, hence we cannot tell whether such instruction had not already been given to the jury in the other instructions. No passion or prejudice is shown to have existed on the part of the jury. The verdict seems to be sustained by sufficient evidence, and is not contrary to law. And the judgment is in favor of the proper party, and against the proper party. The judgment must therefore be affirmed.

Since the foregoing opinion was written, but before it was announced, the plaintiffs in error filed a brief. They had filed none before. After examining their brief, and re-examining the record, we do not think it is necessary to change our opinion. The only point made in the brief is, that the verdict is not sustained by sufficient evidence. That point is already covered by the opinion. We think the verdict is sustained by sufficient evidence, as the case is presented to this court; and in determining whether the verdict is sustained by sufficient evidence we examine all the evidence whether introduced by the plaintiff or defendant. For the practice of this court in a case of this kind, see *K. P. Rly. Co. v. Montelle*, ante, p. 119, and cases there cited. Judgment affirmed.

All the Justices concurring.