# W. C. WOODMAN v. J. C. DAVIS.

1. PRACTICE; *Issues of Fact and in Equity, Trial of.* Where a plaintiff alleges in his petition five causes of action, the first four of which are in equity and the fifth presents an issue of fact for the recovery of money, and no advantage of the petition is taken by demurrer, the trial court commits no error in overruling the motion of defendant, made when the case is called for trial, to compel the plaintiff to elect upon which cause of action he will proceed. *Held, further,* That the defendant is not entitled as a matter of right to a jury in the trial of cases in equity, and the court commits no error in submitting the fifth cause of action to the jury, and in trying all the issues in equity itself.

2. TAXES, *Fraudulent Failure of Agent to Pay; Void Tax Deed.* Where a plaintiff deposited money with the defendant under an agreement that the defendant was to use the fund so deposited to pay off and satisfy all the incumbrances upon a certain piece of real estate purchased by the plaintiff, and the defendant, having the funds in his hands for that purpose, in breach of his trust neglects to pay the taxes, and bids in the land at a tax sale, and obtains a tax deed thereon in his own name, the transaction on the part of the defendant is fraudulent as against the plaintiff, and the defendant cannot claim any title or benefit under the tax deed.

3. ———— Where the objection to a tax deed goes, not to the proceedings, but to the power of the party to take the title, and such party is not in a position to take anything, neither the limitation in § 141 nor § 143, of chapter 107, Comp. Laws of 1879, has any application. (*Taylor v. Miles,* 5 Kas. 498; *Duffitt v. Tuhan,* 28 id. 292.)

4. ERRONEOUS INSTRUCTION; *Immaterial Error.* Where an erroneous instruction is given, but it clearly appears from the verdict that the jury were not misled, and that the party excepting to the instruction was in no manner prejudiced, the error is an immaterial one, and the supreme court will not reverse the judgment of the district court therefor.

*Error from Sedgwick District Court.*

ACTION brought by *Davis* against *Woodman,* to quiet his title to certain real estate, and to recover on an account for money. Trial at the June Term, 1883, of the district court—B. H. F., judge *pro tem.,* presiding. The issues raised upon the first four causes of action stated in the petition were tried by the court, which found for the plaintiff. Under the issues raised upon the fifth and last cause of action stated in the petition, the jury found for the plaintiff, and assessed the amount of

his recovery at $364.98. New trial denied, and judgment upon the verdict for plaintiff. The court further adjudged and decreed that—

"The tax deed described in the petition, and held by the defendant to the lands mentioned and described in the pleadings in this action, viz., lots one (1) and two (2), and the east half ($\frac{1}{2}$) of the northeast quarter of section seven (7), township twenty-seven (27), range one (1) east, in Sedgwick county, Kansas, be and the same is hereby set aside and held for naught, and plaintiff's title in and to said lands is quieted forever against said defendant, or anyone claiming under him, and said defendant is enjoined from setting up any claim or interest in said land adverse to the title of the said plaintiff, or anyone claiming under said plaintiff."

The defendant *Woodman* brings the case to this court. Other facts are stated in the opinion.

*H. G. Ruggles*, and *Stanley & Wall*, for plaintiff in error.

*W. P. Campbell*, and *Kansas Harris*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The petition filed by the defendant in error, plaintiff below, set forth several causes of action, the first four of which were in the nature of an action to quiet title to lots one and two, and the east half of the northeast quarter of section seven, township twenty-seven, range 1, in Sedgwick county. After alleging that plaintiff below was the owner and in the possession of the premises, it set out a tax deed executed to the plaintiff in error, defendant below, on October 30, 1879. It also alleged irregularities at the tax sale upon which the tax deed was based, and in the tax proceedings prior thereto, and further stated that the defendant fraudulently obtained the tax deed, when, as agent of plaintiff, he had under his control funds with which it was his duty to pay and satisfy all liens, incumbrances and taxes upon the land.

The fifth and last cause of action in the petition was for money had and received, and alleged that on February 5, 1874, plaintiff deposited with Woodman & Son $1,562, to be used to discharge all of the liens then existing of record against the

premises described in the tax deed; that thereafter, and in the summer of the same year, the defendant gave the plaintiff a statement showing all the money so deposited had been exhausted in the discharge of the liens on the land, and no balance remained; that plaintiff, relying upon the truthfulness of the statement, received the same without question, but in the month of January, 1882, he learned that the statement so furnished him was false and fraudulent; that the liens on the land did not exceed the sum of $1,232; and that the difference between said sum and the deposit had been wrongfully retained by the defendant.

It is alleged as error, that the court overruled the motion of the defendant, to compel the plaintiff to elect upon which of the causes of action in the petition he would proceed to trial — the first four, or the fifth cause of action. No motion or demurrer was interposed to the petition prior to the filing of the answer, and the motion to elect was not made until the case was called for trial. It is now argued that there was a misjoinder of causes of action in the petition, and that the motion to compel the plaintiff to elect should therefore have been sustained. The defendant seems to have mistaken his remedy. A plaintiff in a civil action cannot be called upon by motion to elect upon which cause of action he will proceed. Whenever the causes of action joined in the petition do not belong to the same class, and this defect is apparent on the face of the petition, if no objection be taken thereto by demurrer the defendant waives the same. (Code, § 89, subdiv. 5, and § 91; *Simpson v. Greeley*, 8 Kas. 586, 601.)

Section 92 of the code further provides:

"When a demurrer is sustained on the ground of misjoinder of several causes of action, the court, on motion of the plaintiff, shall allow him, with or without costs, in its discretion, to file several petitions, each including such of said causes of action as might have been joined; and an action shall be docketed for each of said petitions, and the same shall be proceeded in without further service."

It is next urged that the court erred in refusing to submit the whole case to the jury, and therefore erred in trying the

fifth cause of action by the jury, and refusing to submit the first four to the jury. No error was committed in this action. The first four causes of action were in equity, and in such a case the court has the power, without giving any reason therefor, to send any portion of the issues which it chooses to the jury to be tried, and to require the jury to make a separate finding upon each of the issues; and the court may try all the issues in the case itself. A jury trial cannot be demanded as a matter of right in suits in equity. (Code, §§ 266, 267; *Kimball v. Connor*, 3 Kas. 432; *Carlin v. Donegan*, 15 id. 496, 497; *McCardell v. McNay*, 17 id. 433; *Houston v. Cloud Co.*, 19 id. 396.) As the fifth cause of action presented an issue of fact for the recovery of money, a jury trial was properly called to pass upon the issue presented thereby. (Code, § 266.)

The trial court, in instructing the jury upon the issue presented between the parties upon the fifth cause of action, directed the jury, among other things —

"That the defendant in this case has plead the statute of limitation, or that the action in this case is barred by lapse of time. A claim of this kind in this state is barred after three years from the time an action might have been brought on the claim; but if the defendant conceals from the plaintiff the fact that he has a claim against the defendant, and by misrepresentations leads him to believe that no claim exists in such case, the statute of limitation would not begin to run until the deception or fraud was discovered by the plaintiff, and the plaintiff's right of action would exist for three years from the time said deception and fraud were discovered."

This direction was erroneous, as under the 3d subdivision of § 18 of the code, the action must be brought within two years after the discovery of the fraud. (*Claggett v. Crall*, 12 Kas. 393; *Young v. Whittenhall*, 15 id. 579; *Main v. Payne*, 17 id. 608.)

Assuming that exceptions were properly taken to the charge of the court and to this instruction, the question therefore arises, whether the court by the instruction, prejudiced in any manner the rights of the defendant. It appears from the record that the plaintiff, on February 5, 1874, purchased the

land described in the tax deed for the incumbrances against it,
and deposited with the defendant $1,562.47 to cover all incum-
brances.    About April 7, 1874, the defendant gave the plain-
tiff a statement on a piece of paper in pencil, covering the
amount of the deposit within three cents.    It was, however, in
figures and abbreviations.    About four years after the plaintiff
received this statement, one Dean called his attention to it,
and told him "he was a fool to accept such a statement."
The plaintiff took no further steps in the matter until 1882.
Just previous to the commencement of this action he received
a card from the defendant to call at his bank on business of
importance.    Plaintiff was then informed by the defendant
that the latter held a tax deed upon his land.    Subsequent to
this he made inquiries, and discovered that the defendant had
practiced a fraud upon him in the statement of April 7, 1874.
Under the instructions, the jury must have found that the
deception or  fraud of the  defendant was not discovered by
the plaintiff at the time the statement of April 7, 1874, was
delivered to him, and was not discovered by him at the time
Dean called his attention to the statement, because all of these
dates were more than three years before the institution of this
action, and if the fraud had been discovered at either of these
times, the jury would have found the claim was barred under
the three-years statute of limitation.    It is also clear the jury
found the plaintiff did not discover the fraud of the defendant
until after he had received his card in January, 1882.    There-
fore the verdict of the jury was, under the instructions, to the
effect that the discovery of the fraud was only a short time
before the commencement of the action.    We must conclude
the error in the direction to the jury was not material or prej-
udicial, and the judgment ought not to be reversed therefor.
(*Railway Co. v. Durkee,* 10 Kas. 128; *Railway Co. v. Pointer,*
9 id. 620; *Norton v. Foster,* 12 id. 44; *Railway Co. v. Little,*
19 id. 267.)    Not only was the verdict of the jury to the
effect that the fraud of the defendant was discovered within
two years prior to the commencement of this action, but it
further established that the defendant had plaintiff's money

in his possession, and bought in his land at a tax sale, when it was his duty to have protected the same against the tax lien. The defendant, therefore, neglected the duty which by contract he had assumed, and grounds his tax title on his own misconduct. Such a transaction cannot stand, as the action of the defendant was fraudulent as against the plaintiff, and the defendant cannot take advantage of the fraud. The fraud of the defendant vitiated and avoided the tax deed. (*Carithers v. Weaver*, 7 Kas. 110.)

With these views, the court committed no error in setting aside the tax deed after the jury returned their verdict. The evidence presented *pro* and *con* upon the fifth cause of action was sufficient to sustain the decree of the court, and a repetition of this evidence before the court was unnecessary. Indeed, if the court had required the parties to recall their witnesses and have them go over their testimony, it would have been an extravagant waste of time.

It is urged as the tax deed was recorded on October 30, 1879, and as this action was not commenced until January 23, 1882, neither of the first four causes of action in the petition stated facts sufficient to constitute any cause of action; and in this connection it is also urged that as the plaintiff before commencing his action did not tender to the defendant the taxes he had paid, he was not entitled to any judgment setting aside the tax deed. No tender was necessary on the part of the plaintiff. The defendant had in his possession plaintiff's money, and if he had performed his duty the taxes of 1873 would have been paid without the issuance of any tax deed. Again, in a case like this, neither the limitation in § 141 nor in § 143 of ch. 107, Comp. Laws of 1879, has any application. (*Taylor v. Miles*, 5 Kas. 498; *Carithers v. Weaver*, supra; *Duffitt v. Tuhan*, 28 id. 292.)

The point made that the verdict of the jury is excessive, is not well taken. The sum of $1,562.47 was deposited by the plaintiff with Woodman & Son. Out of this fund the defendant was to pay all incumbrances upon the land, and the balance if any it was his duty to turn over to the plaintiff. Therefore

he was bound to account to the plaintiff for the $1,562.47. His evidence as to the disposition of this fund is extremely unsatisfactory, and no reliance seems to have been placed upon it by the jury. If the jury were authorized to find any sum due the plaintiff, they were warranted in wholly disregarding the testimony of the defendant. If his evidence be thus disregarded, we cannot say from the other evidence submitted that it is conclusively established that the verdict of the jury is too large.

We have examined the motion to strike out the exceptions to the instructions of the court; and the evidence presented thereon, and also all the other questions submitted, but under the conclusion obtained it is unnecessary to dispose of the motion, as the instruction complained of did not mislead the jury, or in any manner prejudice the defendant; and upon the other matters before us, sufficient has already been stated to dispense with further comments on the case.

The judgment of the district court will be affirmed.

All the Justices concurring.