THE UNION PACIFIC RAILWAY COMPANY v. GEORGE W. DIEHL.

1. NEW TRIAL, *When to be Granted.* It is the duty of a trial court, whenever the verdict is clearly against the weight or preponderance of the evidence, to set it aside and grant a new trial.

2. VERDICT, *Not Disturbed by Supreme Court.* Where the evidence is all in parol, and where there is some evidence sustaining every fact necessarily included in the verdict — not a bare scintilla, but enough evidence, if not contradicted, to prove every such fact — and where the trial court has approved the verdict by refusing to set it aside and by rendering a judgment thereon, the supreme court cannot disturb it, although a preponderance of the evidence may seem to be against it.

3. ———— *Verdict and Judgment, Sustained.* And *held*, in the present case, under the evidence and the foregoing rule, that the verdict of the jury and the judgment of the trial court cannot be set aside by the supreme court, but must be sustained.

*Error from Riley District Court.*

ACTION by *Diehl* against *The Railway Company,* to recover damages for bodily injuries. Trial at the September Term, 1883, and judgment for plaintiff for $8,000. The defendant brings the case to this court. The material facts are stated in the opinion.

*J. P. Usher,* and *Chas. Monroe,* for plaintiff in error.

*Green & Hessin,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J. : This was an action brought in the district court of Riley county, by George W. Diehl against the Union Pacific Railway Company, for the recovery of damages sustained by him while traveling as a passenger on one of the defendant's trains. The damages were alleged to have been caused by the negligent conduct of the defendant in moving its train after it had been stopped at Brookville, on the evening of September 14, 1881, to enable the passengers to leave the train to procure supper. The particular negligence originally specified in the plaintiff's petition was the failure on the part of the defendant to give any signal or warning that the train was about to be moved; and after the trial of the case, and after a verdict and special findings had been rendered by the jury, in favor of the plaintiff and against the defendant, the plaintiff, with leave of the court, amended his petition so as to specify another particular ground of negligence, to wit, the moving of the train "without giving a sufficient time for passengers on said train who so desired to alight from said train." Judgment was rendered in the court below in accordance with the verdict and special findings, in favor of the plaintiff and against the defendant for the sum of $8,000.

The plaintiff in error, defendant below, claims that the action should have been removed on its application from the district court of Riley county to the United States circuit court for trial. The question of removal in such cases, how-

ever, has, so far as this court is concerned, already been settled adversely to the views of the plaintiff in error by the decision in the case of *The Union Pacific Rly. Co. v. Dyche*, 31 Kas. 120. See also *Myers v. U. P. Rly. Co.*, 3 McCrary, 578. The other questions presented by plaintiff in error, defendant below, are founded solely upon the theory that the general verdict of the jury and many of their special findings are not sustained by sufficient evidence.

It appears that the plaintiff below, defendant in error, with his wife and two small children, entered a sleeping-car, forming a part of one of the defendant's trains, at Bunker Hill, in Russell county, for the purpose that all might be transported as passengers on the defendant's railway to Topeka, Kansas. The wife and children rode in the sleeping-car to Brookville. The plaintiff, in the meantime, rode in several cars on that train. There was considerable evidence introduced tending to show that the plaintiff was intoxicated, and some that he was not. Probably he was intoxicated; but the jury found that he was not. When the train arrived at Brookville, it is doubtful in what car the plaintiff was riding; but the jury found, upon the conflicting evidence introduced upon the subject, that he was riding in the sleeping-car. The train stopped at Brookville, and it was announced that the train would stop at that place twenty minutes to enable the passengers to procure their suppers. A preponderance of the evidence clearly tends to show that the train remained stationary at that place for a sufficient length of time to enable the passengers who desired to do so, to remove from the train. There was some evidence, however, tending to show otherwise; and the jury found otherwise. A preponderance of the evidence also tends to show, that prior to the starting of the train in motion, after it had stopped, a bell was rung, giving the proper signal and warning that the train was about to be moved. There was other evidence, however, tending to show the reverse; and the jury found that no such signal or warning was given. There was also evidence, seemingly a preponderance, tending to show that the plaintiff was standing on the platform of one of the

cars while the train was moving, and that while the train was so moving he attempted to step from such platform upon the depot platform, when he fell and received the injuries complained of. There was evidence, however, tending to show that the train did not move until about the time plaintiff was stepping from the car platform to the depot platform. The jury, by their general verdict, found in favor of the plaintiff, and therefore found that the train was not moving while the plaintiff was standing on the car platform, and did not move until the time when he attempted to step therefrom to the depot platform. The evidence was conflicting as to whether the train started to move with a sudden jerk, or not. A portion of the evidence tended to show that the train started with a sudden jerk; but probably a preponderance tended to show that the start was not sudden, but was easy and gradual. There was also evidence tending to show that the train, equipped as this train was, and in the condition in which this train with its engine was, could not have been moved backward or forward with a sudden jerk. The jury, however, found in favor of the plaintiff.

Upon all the foregoing questions the evidence was conflicting. It was conflicting as to whether the plaintiff was intoxicated, or not; as to whether he was in the sleeping-car, or not, at the time when the train arrived at Brookville; as to whether the train remained stationary, or not, after it stopped at Brookville, for a sufficient length of time to enable the passengers to remove therefrom; as to whether the train started to move without any warning or signal being given for its removal; as to whether it started with a sudden jerk, or not; as to whether the train was in motion before the plaintiff attempted to get off the same, or not; and as to whether there was a stool on the depot platform, or not, on which the plaintiff stepped when he attempted to step from the train.

We think the verdict of the jury in the present case should have been set aside, and a new trial granted. It is the duty of a trial court, whenever the verdict is clearly against the weight or preponderance of the evidence, to set it aside and

grant a new trial. (*Williams v. Townsend,* 15 Kas. 564, 570, 571; *K. P. Rly. Co. v. Kunkel,* 17 id. 172; *Brown v. A. T. & S. F. Rld. Co.,* 31 id. 2.) The supreme court however, has no such power. Where the evidence is all in parol, and where there is some evidence sustaining every fact necessarily included in the verdict—not a bare scintilla, but enough evidence, if not contradicted, to prove every such fact—and where the trial court approves the verdict by refusing to set it aside, and by rendering a judgment thereon, the supreme court cannot disturb it, although a preponderance of the evidence may seem to be against the verdict. (See the above cases, and *K. P. Rly. Co. v. Richardson,* 25 Kas. 391, which is especially applicable to this case; also, *Seip v. Patrie,* 19 Kas. 13; *Beal v. Codding,* 32 id. 107.) It is perhaps unfortunate in many cases that the supreme court has no greater power in reviewing and in setting aside verdicts; for, because of such inability on the part of the supreme court, injustice is sometimes permitted to be done.

While we think that, upon all the evidence in the case, the verdict of the jury should have been in favor of the defendant and against the plaintiff, yet sufficient evidence may be selected from the evidence introduced to make out a pretty strong case in favor of the plaintiff and against the defendant. Evidence may be selected that will show that the plaintiff was not intoxicated at the time when the train arrived at Brookville, but was then in a sober and proper condition; that he was with his wife and children in the sleeping-car when the train stopped; that it was announced by the defendant's employés that the train would remain at that place twenty minutes to enable passengers to procure supper; that immediately after the train stopped, the plaintiff, with his wife and two children, started to leave the the car; that he took one of the children in his arms, and a satchel in his hand, and his wife took the other child in her arms, and both started to leave the car; that when he arrived at the platform of the car he put the child down on such platform; that the train was not then in motion; that he then attempted to step from the car platform upon a

stool on the depot platform, but that the train then started backward with a sudden jerk, without any signal or warning having been given that it was about to be moved, and that that car or the next car struck him, and the stool tumbled over, causing him to fall, and he fell down between the car and the depot platform, and one of his legs was caught under the car and so injured as to require amputation. If these things were all true, we would think that the plaintiff was entitled to recover; and for the purposes of this case we must now consider them as true.

The judgment of the court below will be affirmed.

All the Justices concurring.