## The State of Kansas v. William E. Plum.

1. MISDEMEANOR — *Selection of Talesmen — New Trial — Grounds.* After the regular panel of jurors had been exhausted in a criminal trial for a misdemeanor, and the sheriff had commenced to select the talesmen, the defendant objected to the sheriff or his deputies being permitted to make the selection, because of the interest they might have in the result of the trial. The court, with the consent of both parties, then proceeded to name the talesmen, and among such, so named, was one who had been previously selected by the sheriff. The defendant exhausted his last peremptory challenge upon this talesman. *Held,* That this action of the trial court was not a sufficient cause for a new trial, and the jury impaneled and sworn in the case were free from all legal exceptions.

2. TRIAL — *Province of Court and Jury.* The credibility of witnesses and the weight of their testimony, if competent, must rest with the jury and the trial court.

3. CASE, *Followed. Perry* v. *Bailey,* 12 Kas. 539, followed.

4. CASE, *Referred to. The State* v. *Brooks,* 33 Kas. 708, referred to.

### Appeal from Miami District Court.

CONVICTION for a violation of the prohibitory liquor law. The defendant, *Plum,* appeals. The opinion states the facts.

*N. W. Wells,* and *W. L. Joyce,* for appellant:

The fact that a certain talesman had been named by the sheriff did not come to the knowledge of the defendant or his attorneys until after the jury had retired to deliberate upon their verdict; and hence the question here presented could only be raised on a motion for a new trial. Is this sufficient cause for a new trial? We think it is. Had the defendant or his attorneys known this fact before the jury were sworn to try the cause, a challenge as against this juror would undoubtedly have been sustained. That this particular juror was obnoxious to the defendant, is shown by the fact that he used his last peremptory challenge to get rid of him, and thereby deprived himself of the right to challenge peremptorily any other juror. Under the law, the defendant had the

right to challenge peremptorily four jurors against whom no challenge for cause could be sustained.   This juror, under the ruling of the court, was not a competent juror by reason of having previously been selected by the sheriff, who had an interest in securing the conviction of this defendant; and the defendant was in fact limited to three peremptory challenges as against men to whom no valid challenge for cause could be made; and it seems to us that this defendant has not been tried by such a jury as is guaranteed by the law.  See *May v. Ham*, 10 Kas. 598.

The state elected to rely for conviction under the first count in the information upon a sale of hop tonic to Jerry Dunn, in the month of December, 1891.   No one saw this transaction or was present when the sale took place but the defendant and Jerry Dunn.   It is not mentioned nor referred to by any other witness.   In the examination of Jerry Dunn, the state does not mention the word "intoxicating," or any other term of like import.   When the defense asked him if the hop tonic he purchased intoxicated him or had an intoxicating effect, he answered "No."   When there was no evidence that William E. Plum had sold intoxicating liquors in violation of the prohibitory law, yet the prosecuting attorney would convict him.   Down in the cellar of the jail two months before this, the county attorney, sheriff, deputy sheriff and county clerk claim to have drunk four bottles of hop tonic.   Immediately after Jerry Dunn had given his testimony these four officials in succession went on the witness stand and testified over the objection of the defendant that the hop tonic they drank on that occasion had an intoxicating effect.   Both the opportunity and the inclination were present and we believe they were drunk.   They went there for that purpose.

As soon as the state made its election as aforesaid, the defendant filed his motion to instruct the jury to find a verdict of "not guilty," which motion was by the court overruled, and defendant excepted.   In the case of *The State v. Brooks*, 33 Kas. 708, this court has held, "that the defendant cannot be convicted of any offense of which the complaining witness,

at the time he verified the information, had no knowledge or notice and concerning which he had never had a thought." See *The State v. Whisner*, 35 Kas. 271.

The defendant was convicted on the first count and filed his motion for a new trial, and affidavits in support thereof, and these affidavits show that the verdict was a compromise, and was arrived at by a sort of division of the aggregate opinion of the jury by 12. "From the testimony, each individual juror should be led to the same conclusion, and this unanimous conclusion of 12 different minds is the certainty of fact sought in the law. Especially is this true in criminal trials. Here should no thought of compromise be tolerated." *The State v. Bybee*, 17 Kas. 467.

The defendant was sentenced to pay the cost of the prosecution upon the count upon which he was found not guilty. We had supposed that if we succeeded in beating the state we would not have to pay it for prosecuting us. *The State v. Brooks*, 33 Kas. 708.

*W. H. Browne*, county attorney, for The State:

There is no allegation that the court knew that the sheriff had summoned the juror, nor do I think the court did so know; but even if it did, would that render the juror incompetent? Or would it be concluded, from that fact, that there was an effort to pack the jury on the part of the sheriff and county attorney? We think not. Counsel for the defendant say that the juryman was very obnoxious to the defendant. Possibly he was. But it does not follow that he was not a good juror. Often it is the best men in the community who are obnoxious to defendants in this class of cases. We do not think, from the facts about this matter, that they bring this case remotely within the rule laid down in *May v. Ham*, 10 Kas. 598.

The testimony of the sheriff, probate judge and county attorney as to the intoxicating qualities of the liquor was not all the evidence to that effect, as the testimony of George Hamlin, deputy sheriff, and T. T. Kelly, county clerk, shows;

besides the county attorney never admitted that that was all the evidence to that effect.

Counsel claim, also, that Jerry Dunn, upon the sale to whom of hop tonic the state relied for a conviction, did not say that the liquor was intoxicating, but the defendant himself admitted that the hop tonic offered in evidence was the same he sold to customers last December, and all the time he was in business, and that was the liquor that four witnesses testify that they drank and that it was intoxicating. Counsel says "he will not deny that the four witnesses were drunk and that they went there for that purpose." But the witnesses do not say so. They say they drank it to see if it had an intoxicating effect.

Counsel for the defendant next quote the case of *The State v. Brooks*, and *The State v. Whisner*, to show that the defendant could not be convicted in this case, because the offense of which he was convicted was not the one the complaining witness had in his mind when he made his affidavit, and argues ingeniously that the witness said he drank hop tea, and didn't say hop tonic; but the defendant himself says that what he sold there was hop tonic, and whether he called it hop tea or hop tonic, makes no difference. Both names are evasions, if what he sold was beer, and simply designed as a shift or device to evade the law.

Counsel for the defendant contend that the verdict is against the weight of the evidence. Granting that this is so, which we do not believe, would this court disturb the verdict? See *U. P. Rly. Co. v. Diehl*, 33 Kas. 425, 426; *K. P. Rly. Co. v. Richardson*, 25 id. 391; *Seip v. Patrie*, 19 id. 13; *Beal v. Codding*, 32 id. 107.

The last contention of counsel for the defendant is, that it was a compromise verdict; that there were two counts in the information, and the jury compromised on one count. On this proposition, see *The State v. Rhea*, 25 Kas. 576; *Perry v. Bailey*, 12 id. 539. In this case the affidavits of the defendant do not show that any were in favor of acquitting the defendant of all guilt.

The opinion of the court was delivered by

HORTON, C. J.: The defendant, William E. Plum, was charged upon two counts of an information with violating the provisions of the prohibitory liquor law. He was found guilty upon the first count, and sentenced to 30 days in the county jail, to pay a fine of $100 and costs, and to stand committed to the county jail until the fine and costs were paid. He appeals to this court, and complains of various rulings.

After the regular panel of jurors had been exhausted, and the sheriff had commenced to fill the panel with talesmen, the defendant objected to the sheriff or his deputies being permitted to name the talesmen because of the interest they might have in the result of the trial. The court, with the consent of both parties, then proceeded to name the talesmen, and among such names placed one as talesman who had been previously selected by the sheriff. Upon this talesman the defendant exhausted his last peremptory challenge. It is urged that this is a sufficient cause for a new trial. We do not think so. There is nothing in the record tending to show that the sheriff was guilty of partiality in naming the juror, or that the court knew the sheriff had summoned this juror. As the record is presented, the jury impaneled and sworn in the cause were properly qualified and free from all legal exceptions.

In order to establish that hop tonic, which the defendant admitted he sold, was intoxicating, the county attorney, sheriff, deputy sheriff and county clerk testified they drank the same, and that it had an intoxicating effect. It is claimed the court erred in admitting the testimony of these officials, and also that the defendant ought not to have been convicted upon testimony from such interested witnesses. Under the law, these officials were competent witnesses. Their credibility and the weight of their testimony were for the jury and the trial court.

"It is the duty of a trial court, whenever the verdict is

clearly against the weight or preponderance of the evidence, to set it aside and grant a new trial. The supreme court, however, has no such power. Where the evidence is all in parol, and where there is some evidence sustaining every fact necessarily included in the verdict — not a bare *scintilla*, but enough evidence, if not contradicted, to prove every such fact —and where the trial court approves the verdict by refusing to set it aside, and by rendering a judgment thereon, the supreme court cannot disturb it, although a preponderance of the evidence may seem to be against the verdict." (*U. P. Rly. Co. v. Diehl*, 33 Kas. 422.)

It is further claimed that the verdict returned by the jury was the result of a compromise, and therefore must be set aside. The general rule is, that affidavits of jurors are admissible to explain and uphold their verdict, but not to impeach and overthrow it. The affidavits in this case tend to show that several jurors stated they "only agreed to the verdict in order to avoid a hung jury." These were statements made after the verdict concerning matters which essentially inhere in it, and therefore cannot be considered to impeach or overthrow it.

"Public policy forbids that a matter resting in the personal consciousness of one juror should be received to overthrow the verdict, because being personal it is not accessible to other testimony; it gives to the secret thought of one the power to disturb the expressed conclusions of 12; its tendency is to induce bad faith on the part of a minority, to induce an apparent acquiescence with the purpose of subsequent dissent; to induce tampering with individual jurors subsequent to the verdict." (*Perry v. Bailey*, 12 Kas. 539.)

A question is also presented concerning the costs which were adjudged against the defendant. The rule is properly stated in *The State v. Brooks*, 33 Kas. 708:

"Where a defendant is prosecuted in separate counts for several violations of the prohibitory liquor law, and is found guilty under some of the counts and not guilty under the others, he should not be required to pay costs accruing under the counts under which he is acquitted, but should recover costs."

But the record brought to this court is not properly certified as a transcript. We cannot accept and consider a paper filed in a criminal appeal purporting to be a transcript, unless it is duly authenticated by the clerk, with his certificate that a full transcript of the case is before us. (*Whitney v. Harris,* 21 Kas. 96; *Lauer v. Livings,* 24 id. 273; *The State v. Lund,* 28 id. 280; *The State v. Nickerson,* 30 id. 545; *The State v. Fink,* ante, p. 577; same case, 31 Pac. Rep. 144.)

If the costs have been improperly taxed, the trial court will undoubtedly correct the same, if its attention is properly called thereto. Other alleged errors are referred to in the briefs, but even if the case were properly here upon a full transcript, we perceive nothing substantial in the complaints.

The judgment of the district court will be affirmed.

All the Justices concurring.