THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. J. F. HUITT.

1. RAILROAD — *Fire from Engine — Instruction to Jury.* In an action brought under the provisions of ¶ 1321 of the General Statutes of 1889, where the court instructs the jury that the plaintiff must before he can recover prove " that said fire was set out by reason of the negligence or carelessness of the company or some of its employees, or in the operating of defendant's engine over its road," *held,* not error prejudicial to the defendant.

2. ————— *Instruction Predicated upon Findings.* An instruction, given or refused, predicated upon the theory that the engine was properly constructed, in good order, and skillfully and carefully managed, could neither mislead nor aid the jury when they fail to find the facts upon which the instruction was predicated.

3. EVIDENCE, *Conflicting — Question for Trial Court.* If there was conflicting evidence upon the question of negligence, and the jury found in favor of the plaintiff upon any of the special questions submitted in this case, this court cannot say that the district court erred in refusing a new trial because the findings of the jury were against the evidence. This court decides whether or not evidence is properly introduced, but does not weigh it. That is the duty of the jury, and its finding, if approved by the trial court, will not be disturbed by this court.

MEMORANDUM.—Error from Barton district court; J. H. BAILEY, judge. Action for damages by fire by J. F. Huitt against the Atchison, Topeka & Santa Fe Railroad Company. Judgment for plaintiff; the defendant brings the case to this court. Affirmed. The facts are sufficiently stated in the opinion, filed October 1, 1895.

*A. A. Hurd,* and *Wm. Osmond,* for plaintiff in error.

*G. W. Nimocks,* and *E. L. Hotchkiss,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: This was an action brought in the district court of Barton county, Kansas, by said Huitt

against the Atchison, Topeka & Santa Fe Railroad Company to recover the value of certain personal property which was kept in a livery barn in the city of Ellinwood, Barton county, Kansas, claimed by said Huitt to have been set on fire by said railroad company in the operation of its road.

The first error complained of is in the following instructions given by the court:

"4. I instruct you that the burden of proof in this case is on the plaintiff, and before he can recover against the defendant, he must, by a preponderance of the evidence, prove every material allegation in his petition, except the allegation that defendant is a corporation, that being admitted among which material allegations are the following: 1st. That the plaintiff was the owner of the property sued for. 2d. That the defendant railroad set out the fire and burned said property while operating its said railroad. 3d. That said fire was set out by reason of the negligence or carelessness of the company or some of its employees, or in the operating of defendant's engine over its road. 4th. The value of the property destroyed by the fire."

The portion of this instruction objected to is the third subdivision thereof. Stripped of all unnecessary words, this instruction says to the jury that the burden of proof is on the plaintiff, and before he can recover he must, by a preponderance of the evidence, prove that said fire was set out by reason of the negligence or carelessness of the company or some of its employees, or in the operating of defendant's engine over its road. The first part of subdivision 3 is not the law, and the latter part, which is the part objected to, is clearly the law, although it might be considered a repetition of subdivision 2.

Paragraph 1321 of the General Statutes of 1889 reads as follows:

"That in all actions against any railroad company

organized or doing business in this state, for damages by fire caused by the operating of said railroad, it shall be only necessary for the plaintiff in said action to establish the fact that said fire complained of was caused by the operating of said railroad, and the amount of his damages (which proof shall be *prima facie* evidence of negligence on the part of said railroad) : *Provided*, That in estimating the damages under this act, the contributory negligence of the plaintiff shall be taken into consideration.''

If anyone has a right to complain of the instruction given, it was the plaintiff below and not the railroad company.

The second error complained of is in the sixth instruction given by the court; said instruction reads as follows :

'' 6. If you find from all the evidence that the defendant's engine did set the fire that burned the plaintiff's property, then the burden of proof is upon the defendant to prove that the engine was in good condition, furnished with all the necessary improved appliances, and was skillfully and carefully operated, and that there was no negligence on the part of the defendant; then the presumption of negligence would be rebutted.''

The fourth error complained of is the refusal of the court to give the following instruction :

'' If you believe from the evidence that the engine was properly constructed and supplied with the most approved appliances to prevent the escape of fire, and that such appliances were in good order, and that the engineer in charge of said engine managed the engine carefully and skillfully, then I instruct you that you must find for the defendant.''

The second and fourth assignments of error may be treated together. They are both based upon the hypothesis that the jury find that the engine was properly

constructed, supplied with the necessary improved appliances to prevent the escape of fire, and that it was skillfully and carefully operated.

The jury made the following special findings to the questions submitted at the request of the defendant:

"3. Ques. Was the engine at the time of the fire in good condition, so far as all the appliances for preventing the escape of fire are concerned? Ans. No.

"4. Q. If not, in what respect were any of the appliances out of order? A. The jury are not familiar with the technical description of the appliances, but find from the evidence that said appliances were so defective as to be capable of and did emit fire and sparks that were carried by the wind over 300 feet, and believe that the defect was in the netting.

"5. Q. Was the engineer who managed the engine at the time of the fire a competent, skillful and careful engineer? A. No.

"6. Q. If not, in what respect was he incompetent, unskillful, or lacking in care? A. By opening the throttle too wide, and starting his engine at an unusual rate of speed, thereby forcing a large amount of fire from the smoke-stack.

"7. Q. Was the fire set out by any mismanagement on the part of the engineer? A. Yes.

"8. Q. If so, how did he mismanage his engine so as to set out the fire? A. By using more steam than necessary in starting."

These findings clearly show that the jury was not misled because of the giving of the one instruction, nor could the other have been of any benefit to them. The defendant was in no manner prejudiced by the action of the court. But did the court err? The defendant was bound to show that there was no negligence on its part. Counsel for plaintiff in error cite *A. T. & S. F. Rld. Co. v. Riggs*, 31 Kas. 633, in the opinion of which Mr. Justice VALENTINE uses the following language:

"Under the findings of the jury and the evidence,

we must therefore consider that the engine was complete and perfect in every respect, so far as the appliances for preventing the escape of fire were concerned, and that the engineer was a competent, skillful and careful engineer, and there was nothing in the case tending to show that he was negligent in the management of his engine ; and we cannot imagine where there could be any other room for negligence on the part of the railroad company in permitting the fire to escape which is supposed to have caused the injury.''

It is assumed that although the supreme court could not imagine any other room for negligence, the jury might. It seems, however, that the supreme court has since been able to find other room for negligence, for in the case of *Ft. S. W. & W. Rld. Co. v. Karracker*, 46 Kas. 511, the opinion of which is written by Mr. Justice VALENTINE, it holds :

'' In an action against a railroad company for loss or damage suffered by the plaintiff by fire caused by the defendant in the operation of its railroad, proof that the fire was so caused is, under the provisions of chapter 155 of the Laws of 1885, *prima facie* evidence that it was so caused through the negligence of the railroad company ; and it then devolves upon the railroad company to show not only that its appliances to prevent the escape of fire were sufficient and in good order, and that its engineer was a competent and skillful engineer, but also that there was no mismanagement or negligence on the part of any of its servants or agents causing the fire.''

Our supreme court has held :

'' Where an erroneous instruction is given, but it clearly appears from the verdict that the jury were not misled, and that the party excepting to the instruction was in no manner prejudiced, the error is an immaterial one, and the supreme court will not reverse the judgment of the district court therefor.'' (*Woodman v. Davis*, 32 Kas. 344.)

The same rule would apply where a proper instruction had been asked and refused.

The next error complained of is the giving of the seventh instruction of the court, which reads as follows:

"7. Railroad companies are not insurers against fire; they are liable only when guilty of negligence; if they are guilty of no negligence no action could be maintained against them; and if any fire from their engines burned property it would be an accidental fire, it occurring without negligence or carelessness on the part of the company or its employees, for which the company would not be liable."

We have carefully examined this instruction, and while the latter part of it is somewhat inartistically framed, it certainly expresses the law, and all of it favorably to the railroad company. It informs the jury that "railroad companies are not insurers against fire; that they are liable only when guilty of negligence; that if they are guilty of no negligence, no action could be maintained against them; that if any fire from their engine burned property, it would be an accidental fire, it occurring without negligence on the part of the company or its employees, for which the company would not be liable."

If the phrase "it occurring without negligence or carelessness on the part of the company or its employees" had been placed at the end of the instruction instead of after the word "fire," so that the last sentence would read, "if any fire from their engines burn property, it would be an accidental fire, for which the company would not be liable, it occurring without negligence or carelessness on the part of the company or its employees," the grammatical construction would be much better, and the jury could not have

been misled by it.    It cannot reasonably be said to have any other meaning.

The fifth and last error complained of is in the overruling of defendant's motion for a new trial because the above-mentioned special findings of the jury were against the evidence.    If there was conflicting evidence upon the question of negligence, and if the jury found in favor of the plaintiff upon any of the questions submitted, this court cannot say that the district court erred in refusing a new trial because the findings of the jury were against the evidence.    There was evidence introduced tending to show that the appliances for preventing the escape of fire were not in good order, upon the theory that if they were in good order the fire could not have escaped as it was shown to have escaped at the time.    There was also evidence introduced tending to show that the engineer was negligent in using more steam than was necessary in starting, and that he started his engine at an unusual rate of speed, forcing a great amount of fire from the smoke-stack.    There was also evidence introduced tending to show that there was no negligence on the part of the defendant.    This court will decide whether or not evidence is properly introduced, but we do not weigh it.    That is the duty of the jury, and their finding, if approved by the trial court, will not be disturbed by this court.    "The credibility of witnesses and the weight of their testimony, if competent, must rest with the jury and the trial court."    (*The State v. Plum*, 49 Kas. 679.)

No material error having been committed in the trial of this case, the judgment of the district court is affirmed.

All the Judges concurring.