GEORGE D. CROSS v. GEORGE B. STEVENS.

1. AMENDED PETITION — *Serving Copy on Defendant.* Under § 136 of the civil code, a plaintiff who is compelled to file an amended petition by an order of the court, such petition being challenged by a motion directed against it, is not required to serve a copy of the amended petition on the defendant.

2. MOTION — *Ruling* — *Notice.* A defendant who files a motion directed against the petition of the plaintiff is bound to take notice of the ruling of the court on said motion.

*Error from Harper District Court.*

THE opinion states the case.

*Hatton & Ruggles,* for plaintiff in error.

*Geo. E. McMahon,* and *Harvey O. Davis,* for defendant in error.

Opinion by SIMPSON, C.: This action was commenced in the district court of Harper county on the 29th day of September, 1886, upon an alleged contract for services that Stevens claims that Cross employed him to perform. On the 14th day of October, Cross filed a motion to require Stevens to amend his petition, and state whether or not the contract was a written or verbal one. At the time the motion was filed, we think the record shows that the court was in session and continued for some time, but no one called the motion. At the January term, 1887, the attorney of Stevens called the attention of the court to the motion, and it was sustained, and leave was given Stevens to amend his petition within ten days from the 5th day of January, with leave to Cross to plead to the amended petition within ten days. At the time this motion was called to the attention of the district court and the order made to file an amended petition, neither Cross nor his attorneys were present. Stevens caused an amended petition to be filed on the 7th day of January, 1887. The April term of the court passed by, and at the June term Stevens produced his witness, a default was entered, and judgment rendered in favor of Stevens for $663 and costs. Neither Cross nor his attorneys had knowledge of the rendition of such judgment until a day or two before the 7th day of July, but on that day Cross filed a motion in said action to set aside said judgment, and for leave to file an answer to the amended petition. This motion was supported by the affidavits of Cross and Hatton & Ruggles, his attorneys, showing that none of them had knowledge or notice that their motion to compel Stevens to amend his petition had been sustained, or that the plaintiff had obtained leave to amend his petition.

The motion of Cross to compel an amendment to the petition of Stevens was noted on the motion docket in these words:

"GEORGE B. STEVENS v. GEORGE D. CROSS.

"OCT. 14, 1886.  Motion to require plaintiff to state in his petition whether contract or agreement was in writing or verbal.                         HATTON & RUGGLES."

On the margin of the motion docket there was an entry in the handwriting of the judge of the court, as follows: "Jan. 5, 1887.  Sustained.  Ten days given to file amended petition; ten days to defendant to plead."

A somewhat similar entry was made by the clerk in the "minute docket," but no journal entry was made of the ruling on the motion.  Pending the motion to vacate and set aside the final judgment, Stevens filed a motion for a *nunc pro tunc* entry to be made on the journal of the court, showing that the motion of Cross to the petition had been sustained and leave given to file an amended petition, and ten days allowed within which to plead to the amended petition. The court sustained the motion for the *nunc pro tunc* order, and overruled the motion to vacate and set aside the judgment.  Exceptions to these rulings were saved, and we are asked to review them.

The first proposition of counsel for the plaintiff in error is, that a copy of the amended petition should have been served on Cross, and this was not done, and hence Cross had no notice or knowledge of the disposition of his motion; that the only records of the district court that impart notice are an appearance docket, journal, the judgment and execution dockets; that the entry on the motion docket, or the minute docket of the clerk does not bind them.  They also rely on § 136 of the code, which provides "That the plaintiff may amend his petition, without leave, at any time before the answer is filed, without prejudice to the proceedings, but notice of such amendment shall be served on the defendant, or his attorney, and the defendant shall have the same time to answer or demur thereto, as to the original petition."  This section has no application to the facts presented by this record.  In

Cross v. Stevens.

this case a motion was directed against the petition, that was sustained by the court, and leave given to file an amended answer within a limited time. The amendment was not a voluntary one, as is contemplated by this section of the code, and we do not believe, under all the circumstances of this case, that the plaintiff was required to serve notice of the filing of the amended petition.

The motion was filed by Cross; it primarily was the duty of his attorneys to call it up for discussion and ruling. If they neglected to do so, the attorneys of Stevens had the right to have it disposed of. They waited for more than a reasonable time before doing so, no attention being paid to it by Cross or his attorneys. They could not indefinitely prolong a case by directing a motion against the petition of the plaintiff, and then absenting themselves and require notice to be given of its disposition. The power of the court to make its journal speak the truth, and to show the action of the court upon any question, has been so often discussed and maintained, that there can no longer be any doubt but that whenever, by mistake, accident or omission, an order has not been entered on its journals, or has been improperly transcribed, or defectively stated, it can be entered or corrected either at the term, or at any subsequent term, so that what actually did occur shall truthfully appear. It is clear to us that the court below did not commit error in requiring the *nunc pro tunc* order to be entered on the journal of the date when the order was made and noted on the motion docket. There was delay in urging the motion; there was negligence in not inquiring about its final disposition, that in our judgment excludes any equitable consideration of the motion to vacate and set aside the judgment rendered at the July term against the plaintiff in error, and we feel certain that the court below committed no error under all the facts of this case in overruling it.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.