E. A. BEECHER v. A. C. IRELAND *et al.*

46   97
82   329

1. MORTGAGE — *Foreclosure* — *Erroneous Personal Judgment Against Vendee.* Where an action is commenced upon a note and to foreclose a mortgage on real property given to secure the note, and the mortgagors are made parties defendant, and they file an answer or cross-petition alleging that one B., who is not referred to or mentioned in the petition, has purchased the real property and assumed the payment of the mortgage, and subsequently, upon the præcipe of the defendants, B. is personally served with a summons in the case requiring him to answer the petition on file, it is error for the court, in his absence and without any pleadings having been filed by him, to render against him a personal judgment, when the petition does not state any cause of action against him, or mention or refer to him.

2. —————— The case of *Kimball v. Connor*, 3 Kas. 414, distinguished.

*Error from Lyon District Court.*

THE opinion states the case.

*C. N. Sterry,* for plaintiff in error.

*L. B. Kellogg,* and *T. N. Sedgwick,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 26th day of March, 1888, A. C. Ireland filed his petition in foreclosure against C. V. Holmes, Olive P. Holmes, E. N. Evans, and Mary M. Evans, to recover the sum of $450 upon a promissory note executed by C. V. Holmes to him, and asking to foreclose a mortgage given by C. V. and Olive P. Holmes to secure the note. The petition alleged that the defendants E. N. Evans and Mary M. Evans had some inferior, adverse interest in the mortgaged premises. A summons was issued on the petition and personally served upon each defendant. On the 1st of April, 1888, the defendants C. V. and Olive P. Holmes filed in the cause an answer and cross-petition. The answer, among other things, alleged that, on the 23d day of January, 1887, C. V. Holmes and wife executed and delivered to E. A. Beecher a

conveyance of the mortgaged premises; that, as a part of the consideration for the conveyance, E. A. Beecher assumed and agreed with them to pay the note or indebtedness secured by the mortgage. At the May term, 1888, of the court, an order was made for E. A. Beecher to be made a party defendant, and on the same day a præcipe for a summons was filed by the attorney for the defendant C. V. Holmes, and on this præcipe a summons was issued, which was served upon E. A. Beecher personally, and which required him *to answer the petition of the plaintiff.* At the September term, 1888, of the court, without any amendment to the petition, and without E. A. Beecher having ever appeared, A. C. Ireland recovered judgment against E. A. Beecher and C. V. Holmes, for the sum of $510, and obtained a decree to sell the mortgaged property and to make any deficiency off the property of E. A. Beecher. Afterward, and at the same term of the court, Beecher appeared specially, and moved to set the judgment aside. This motion was overruled, and he brings the case here.

The petition which E. A. Beecher was required to answer by the summons personally served upon him did not contain his name, nor were there any allegations therein sufficient to sustain or uphold any personal judgment against him. (*Short v. Nooner,* 16 Kas. 22; *Neitzel v. Hunter,* 19 id. 221.) It was therefore error for the court, as to Beecher, to do more than render a degree for the foreclosure of the mortgage and a sale thereof to satisfy the judgment, costs, and expenses.

Counsel for the plaintiff below cite *Kimball v. Connor,* 3 Kas. 414, and allege that under that decision Beecher was required to take notice of all the pleadings on file at the date of the issuance of the summons served upon him. In that case it was decided that, when the original summons is served upon a defendant, he is in court for every purpose connected with the action, and is bound to take notice of every subsequent step taken therein. It was further held in the case, that the defendant, having been served with a summons to answer the petition, was bound to notice the answer or cross-petition subsequently filed by a co-defendant. This case is

somewhat different. The defendant was called upon to answer a petition which did not state any cause of action against him or refer to him in any way, and no subsequent answer or cross-petition was filed after the issuance of the summons served upon him. It was admitted, on the hearing of his motion, that the defendant E. N. Evans, at the commencement of the action and during its pendency, was the owner of the mortgaged premises by purchase from Beecher, subject to the mortgage. Therefore, if the petition had alleged these facts, or any cause of action against Beecher, or if his attention had been called to the answer or cross-petition of C. V. and Olive P. Holmes by any subsequent order or notice personally served upon him, he could have had the judgment rendered so as to have made Evans personally liable, before execution could issue against either himself or the Holmeses.

We have already held in several cases, that if a defendant has been personally served with a summons, the petition cannot be materially changed without notice, when the defendant is in default or is absent. (*Haight v. Schuck*, 6 Kas. 192; *Alvey v. Wilson*, 9 id. 401; *Gulf Rld. Co. v. Van Riper*, 19 id. 317.)

We are unwilling to extend the case of *Kimball v. Connor*, 3 Kas. 414, and therefore think that the trial court committed error in rendering a personal judgment against Beecher, in view of all the circumstances attending this case.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.