T. H. BEEKMAN, *Appellee*, v. O. B. TROWER *et ux.*,
*Appellants.*

No. 16,493.

SYLLABUS BY THE COURT.

JUDGMENTS — *Validity* — *Default* — *Amendment of Pleadings* —
*Time of Rendition*—*Vacation.* In an action to foreclose a first
mortgage upon real estate the mortgagors and owners of the
mortgaged premises and the holder of a junior lien were made
parties defendant. The owners of the real estate filed as their
answer to the petition a general denial, unverified. Neither
the petition nor the answer stated facts which in any manner
challenged or affected the interests of the other lienholder, and
he did not plead in the action, but made default. Afterward
the court permitted the owners of the mortgaged premises to
amend their answer by alleging that their codefendant held a
warranty deed of the property but it was merely intended as
a mortgage, and the debt which it secured had been fully paid
and discharged; and they prayed the court to adjudge such
deed to be a mortgage and cancel the same. Within six days
after the amended answer was filed judgment as prayed for
was taken, in the absence and without the knowledge of the
holder of such deed. At the time the amended answer was
filed and the judgment taken the defendants filing such an-
swer well knew that the debt secured by the deed had not been
paid. The holder of the deed then filed a petition stating fully
the facts and asked for a new trial. A demurrer to the peti-
tion was overruled. *Held,* not error.

Appeal from Wyandotte court of common pleas;
HUGH J. SMITH, judge. Opinion filed April 9, 1910.
Affirmed.

*W. L. Wood,* for the appellants.

*L. W. Keplinger,* and *C. W. Trickett,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: The court of common pleas of Wyan-
dotte county, in an action wherein the Wyandotte State
Bank was plaintiff and O. B. Trower, Lillie A. Trower
and T. H. Beekman were defendants, rendered judg-

ment in favor of the plaintiff against O. B. and Lillie Trower for the sum of $2000, and foreclosed a mortgage given by them to secure that sum. Defendant Beekman held a warranty deed to the same property, which was executed subsequently to the plaintiff's mortgage and which was given as a mortgage to secure the sum of $5000. · Beekman was a nonresident of the county and was not served with a summons. O. B. and Lillie Trower filed an answer consisting of a general denial, unverified. No mention was made in the petition or answer of the deed held by Beekman. On November 29, 1907, Beekman, by stipulation, entered his voluntary appearance in the case. As neither the petition nor the answer and cross-petition of his codefendants contained any facts which he wished to contest, and as he did not wish to foreclose his warranty deed, he did not file any pleading whatever. On April 22, 1908, O. B. Trower and Lillie A. Trower, by leave of the court but without the knowledge or consent of their codefendant, T. H. Beekman, filed an amended answer and cross-petition, in which they averred in substance that defendant Beekman held a warranty deed to the mortgaged premises which was intended to operate as a mortgage to secure a debt of $5000; that the debt had been fully paid and discharged, and the deed should be canceled. Six days thereafter a judgment of foreclosure was entered in favor of the plaintiff as prayed for, and also a judgment that the deed held by defendant Beekman was a mortgage and the debt secured thereby had been fully paid and discharged.

On January 25, 1909, Beekman began this action, under section 310 of the civil code (Gen. Stat. 1901, § 4758), to vacate and set aside the judgment so far as it affected him. A demurrer was filed to his petition and was overruled, and from that ruling the Trowers appeal.

The petition contained in substance the facts herein

stated, and also that the Trowers well knew at the time they filed their amended answer and cross-petition, and when the judgment was entered thereon, that the debt secured by the deed held by Beekman was not paid and satisfied, and that the statement made by them to the contrary was false and known by them to be false. A judgment obtained under such circumstances does not seem to be in accord with that honesty and fairness which courts of justice are expected to observe in their proceedings. Under the ordinary rules of pleading, as prescribed by sections 104 and 105 of the civil code (Gen. Stat. 1901, §§ 4538, 4539), Beekman was entitled to ten days after the filing of the amended answer and cross-petition within which to plead thereto, and judgment should not have been entered within that time. It was taken, however, in six days. This was, to say the least, erroneous.

It is claimed that the voluntary appearance of Beekman gave the court jurisdiction of him as fully as if he had been served with a summons, that a defendant served with a summons is bound to take notice of every step taken in the action, and that under this rule Beekman must be held to have known of the filing of the amended answer and cross-petition. In support of this view several decisions are cited, among which are the following: *Kimball and others v. Connor, Starks and others,* 3 Kan. 414; *Curry v. Janicke,* 48 Kan. 168; *Clay v. Hildebrand,* 44 Kan. 481; *Jones v. Standiferd,* 69 Kan. 513; *Shellabarger v. Sexsmith,* 80 Kan. 530. There are other cases cited, but these are the strongest in the list, and they do not seem to sustain the point. The case of *Kimball and others v. Connor, Starks and others,* 3 Kan. 414, was limited and distinguished in the case of *Beecher v. Ireland,* 46 Kan. 97, so that it does not apply to these facts. The general idea running through this line of cases seems to be that while every party is entitled to his day in court, and to have an opportunity to defend and vindicate his rights, he must

when notified that an action is pending against him exercise due diligence to present his claims and wishes in the premises to the court, so that they may be adjudicated. Should he fail to do this when the opportunity is presented, he will be thereafter barred from the privilege. It has been found necessary in the administration of justice to require the exercise of a degree of diligence upon the part of defendants in this respect which in some cases seems harsh and arbitrary, but it is not intended by the application of this rule to deprive any person of a full opportunity to have his rights fully investigated and adjudicated, and every case must be interpreted with this purpose in view. Where an action is commenced to foreclose a lien and several lienholders are made parties defendant, but one or more are omitted, as in the case of *Jones v. Standiferd,* 69 Kan. 513, the defendant owner is chargeable with notice that the omitted lienholders may voluntarily come in or be brought in to assert their liens, and he must therefore anticipate the possibility of such action and be prepared to make such defense thereto as he may desire. Under such circumstances the following language, used in the case of *Kimball and others v. Connor, Starks and others,* 3 Kan. 414, would be proper:

"When the original summons is served the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of every step." (Page 431.)

This rule has been modified, however, in several cases where it has been held that a judgment can not be properly entered upon a pleading which has been amended in a material matter, where the adverse party is in default or absent. (*Wm. H. Haight v. Justus Schuck et al.,* 6 Kan. 192; *Alvey v. Wilson,* 9 Kan. 401; *L. L. & G. Rld. Co. v. Van Riper,* 19 Kan. 317; *St. L. & S. F. Rly. Co. v. McReynolds,* 24 Kan. 368.) In the case being considered the cross-petition was amended in a

material matter while the adverse party was absent, in default, and without notice or knowledge of the amendment. Before the amendment was made there was nothing in the pleadings to indicate that the action would affect Beekman's rights in any manner. The effect of the amendment was to deprive him surreptitiously and fraudulently of a secured debt of $5000. The petition does not characterize the conduct of the Trowers as fraudulent, but uses the milder term of misconduct. The act, however, speaks for itself, and constitutes a flagrant violation of justice and fairness. The claim that such conduct is justifiable under the rules of law administered in courts of justice can not be admitted. Laws intended to facilitate and promote the administration of justice may not be used as instrumentalities of fraud and oppression, and no interpretation of the law which leads to that end can be sanctioned.

When Beekman entered his voluntary appearance he was bound to use due diligence to protect whatever interests he might have in the action. Neither the petition nor the answer, however, suggested any facts which he was called upon to notice. He might have filed a cross-petition and had his warranty deed foreclosed as a second mortgage, but he was under no obligations to do so and he chose to let the opportunity pass. The other parties had filed such pleadings as were presumably satisfactory to them. It was not a case where other lienholders might come in and assert rights inconsistent with Beekman's interest. There was no occasion for him to anticipate the possibility that a contingency might arise in which it would be necessary for him to be present in order to protect his rights, and therefore it can not be said to be a want of due diligence for him to let the action go without further attention. A very different rule would be applied to the Trowers. They were the owners of the land. They knew what liens were upon it, and that all holders of

liens might assert their rights in that action, and due diligence would require them to anticipate such a contingency and be prepared to meet whatever might arise during the progress of the trial. It will be seen, therefore, as illustrated in this action, that the rule of law contended for by the appellants would be fair and just if applied to the owner of the land, but grossly unjust when applied to a party in the situation of Beekman. Misconduct of a party is a very mild term to apply to such a situation, but it is sufficient. It is but fair to say that the attorney for the appellants was not connected with the action in the court below.

The demurrer was properly overruled. The judgment is affirmed.