No. 41,883

JAMES H. CADWALLADER, by and through his mother and next friend, MRS. JESSIE R. LONG, *Appellee*, v. CARL T. BENNETT, *Appellant*.

(356 P. 2d 862)

Opinion filed November 12, 1960.

*William R. Smith*, of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, Wm. P. Thompson, H. E. Jones, Jerome E. Jones* and *Robert J. Roth*, all of Wichita, were with him on the brief for the appellant.

*John W. Sowers*, of Wichita, argued the cause, and *Clarence R. Sowers*, also of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the district court of Sedgwick County, Kansas, overruling defendant's motion to vacate a default judgment entered more than four years prior thereto.

The primary question is whether under the facts and circumstances presented by this case the default judgment is void.

The action arose as the result of an automobile accident between the plaintiff (appellee) and the defendant (appellant) on March 13, 1955. The petition, after several preliminaries, alleged that the plaintiff was a minor sixteen years of age; that the action was brought in his behalf by and through his mother and next friend, Jessie R. Long; that prior to the date of the accident the plaintiff was an able-bodied young man taking a full high school course and working part time after classes, averaging approximately $20 per week on his job; and that he was the owner of a 1942 Chevrolet

sedan automobile which he was driving at the time of the collision. The petition then alleged:

"That on the 13th of March, 1955, at or about the hour of 12:30 A. M., this plaintiff was driving South on Emporia, at a reasonable and lawful speed, in the City of Wichita, Sedgwick County, Kansas. That as he, plaintiff, approached the intersection of Emporia and Douglas Avenue from the North, he saw that the traffic light governing southbound traffic on Emporia was green and upon entering said intersection, the plaintiff's automobile was violently struck, without warning, by the defendant's automobile causing extensive damage to plaintiff's person and property. *That the defendant drove his automobile into and against the left side of plaintiff's automobile with great force and violence, after running a red light, and driving at an unlawful speed. That the defendant at the time of the accident was definitely under the influence of intoxicating liquor.* That the impact of the crash of defendant's automobile against that of the plaintiff's caused plaintiff's automobile to swerve West on Douglas Avenue, throwing the plaintiff therefrom onto the safety island railing and pavement. That as a result of the defendant's *negligent acts aforementioned,* the plaintiff sustained great bodily injuries and his 1942 Chevrolet automobile was demolished beyond repair. That the force of the impact of the collision threw the plaintiff against certain hard, sharp, blunt and unknown substances within said automobile and against and on the pavement and safety island railing and pavement when he was thrown out, tearing lacerating, bruising, and injuring the tendons, tissues, blood vessels, and nerves on plaintiff's skull, right leg, chest, back and fracturing plaintiff's right pelvis." (Emphasis added.)

The petition thereupon itemized the various damages for which judgment was sought and further alleged:

"That the defendant was *also* guilty of the following acts of negligence, which were the direct and proximate cause of this plaintiff's injuries and damages, to-wit:" (Emphasis added.)

The petition then sets forth six particular acts of negligence.

The plaintiff sought judgment in the total sum of $61,964.15, and we here note that in itemizing the damages the plaintiff did not request exemplary damages.

After being duly summoned the defendant filed a motion for additional time in which to plead. This motion was granted.

The record of the judgment taken, as set forth in the counter abstract, discloses that on the date set for hearing before Hon. B. Mack Bryant, Judge of Division No. 3 of the District Court of Sedgwick County, Kansas, John W. Sowers, counsel for the plaintiff, stated:

". . . There is an appearance in the file by Mr. Alan B. Phares, on a Motion for additional time to plead. Mr. Phares on or about the first day of July, 1955, signed a confession of judgment in behalf of the plaintiff and against

the defendant, in the amount of $40,000.00 *based upon the wanton negligence of the defendant,* which was submitted to Judge Kandt, on or about the first day of July, 1955.

"Judge Kandt refused to sign the same, saying that evidence was necessary and we are thus proceeding today." (Emphasis added.)

Aside from the foregoing, the confession of judgment in the amount of $40,000 does not appear in the abstract.

Counsel for the defendant chose not to answer the petition of the plaintiff and did not appear at the hour the hearing was set on this matter.

After the plaintiff had presented his evidence to the court and at the conclusion thereof, counsel for the plaintiff requested certain findings which the trial court adopted, granting the plaintiff leave to amend the petition to conform with the evidence.

The journal entry in pertinent part recites:

Now, on this 24th day of August, 1955, the same being a regular judicial day of the April, 1955, term of this court, this case came on for trial having been regularly and duly set for trial. Plaintiff being present in person and by his attorney, Clarence R. Sowers by John W. Sowers. That the attorneys for the defendant, Warnick, Phares, Norton & Healy, were notified that this matter would come up for trial at 10:00 o'clock, a. m. on this date; that it is now 11:35 a. m., and there is no appearance by the defendant nor his counsel.

"Thereupon, the Court proceeded to try this case. The plaintiff introduced his evidence and rested, and the Court, having examined into the facts, finds that the evidence shows that the injuries to the plaintiff's person and his property was caused by such conduct on the part of the defendant, Carl T. Bennett, that the said Carl T. Bennett was guilty of wilful, negligent, unlawful, and reckless operation of his automobile, *resulting in the wilful and malicious injury to the plaintiff's person and his property.* That the defendant's recklessness was due to the fact that he was intoxicated to such an extent that he was in no mental or physical condition to drive an automobile.

"The Court further finds that these acts of the defendant as alleged in the petition of the plaintiff were intentional, malicious, without just cause or excuse, with reckless indifference to the safety of human life, and amounted to an intentional failure to perform a manifest duty to the public and particularly this plaintiff who had an interest in the use of said streets at said time and place.

"The Court further finds that the application of the plaintiff to amend his petition to conform to proof is hereby granted." (Emphasis added.)

The journal entry itemized damages in the total sum of $20,474.15, for which amount, and costs, judgment was entered against the defendant. The journal entry of judgment was *approved by counsel for the defendant,* "WARNICK, PHARES, NORTON & HEALY" *and signed by Alan B. Phares, attorney for the defendant.*

A review of the evidence presented at the hearing, set forth in the

counter abstract, supports the findings made by the trial court. Counsel for the defendant did not file a motion for a new trial or appeal the case.

On January 13, 1956, almost six months after the judgment was entered, the defendant's counsel, Mr. Phares, filed a "Motion for *Nunc Pro Tunc* Order" seeking to change the judgment entered by having it based "upon negligence rather than on wanton negligence." This motion was overruled.

In this setting the defendant, through present counsel, on the 5th day of October, 1959, presented to the trial court a motion to vacate the judgment contending that it is void. The trial court overruled this motion stating as a reason that "the allowance of plaintiff's motion to amend his cause from negligence to gross and wanton conduct was not a substantial change of plaintiff's claim." Whereupon appeal was duly perfected to this court from the order overruling the defendant's motion to vacate the judgment.

It is conceded by the appellant that the trial court based its findings and judgment on "wantonness."

The appellant contends the petition did not allege the defendant was guilty of wanton conduct, and therefore wantonness was not an issue in the case. It is argued the petition had to be amended before such judgment could be rendered; that the amendment which the trial court permitted—granting the defendant leave to amend his petition to conform to the proof—substantially changed the plaintiff's cause of action and was improper without giving notice to the defendant so that he could further plead or defend, if he so elected.

The appellant by his motion to vacate the judgment herein seeks to take advantage of the provisions of G. S. 1949, 60-3009, which provide that "A void judgment may be vacated at any time, on motion of a party or any person affected thereby."

It is clear that the length of time which has elapsed between the void judgment and the motion to vacate is inconsequential. In *McFadden v. McFadden,* 174 Kan. 533, 257 P. 2d 146, a judgment was vacated after twenty years. Furthermore, a party seeking to vacate a void judgment need not first show a valid defense. (*Taylor v. Focks Drilling & Mfg. Corp.,* 144 Kan. 626, 62 P. 2d 903.)

For the appellant to prevail in the instant case it must be shown that the default judgment entered by the trial court in August, 1955, is void, and not merely irregular as contemplated by the legislature in G. S. 1949, 60-3007.

The applicable provision in the civil code permitting amendment of the petition is found in G. S. 1949, 60-759, which reads in part as follows:

"The court or judge may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding . . . *or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense;* . . ." (Emphasis added.)

Under this statute the appellant contends the amendment permitted by the trial court substantially changed the plaintiff's claim. In support of the appellant's contention 49 C. J. S., Judgments, § 194, p. 340, is quoted as follows:

"Where the complaint is amended in a matter of substance after default, a valid default judgment cannot be entered on the amended pleading unless the defendant is duly notified of the amendment and given opportunity to plead."

Cases relied upon by the appellant to support his contention, though not too well in point and distinguishable, are *Taylor v. Focks Drilling & Mfg. Corp.,* supra; and *Cross v. Stevens,* 45 Kan. 443, 25 Pac. 880. On this question, the one on which the appellant seeks to have this court determine the case, *Beekman v. Trower,* 82 Kan. 327, 108 Pac. 110, and authorities accumulated therein at page 330, might have been cited.

It must be conceded this court has recognized the difference between negligence and wantonness many times. In *Fabac v. St. Louis & S. F. Rly. Co.,* 119 Kan. 58, 237 Pac. 1019, the two were recognized to constitute separate causes of action in the following language:

". . . If the cause of action be failure to exercise such reasonable care as would be expected of an ordinarily prudent and careful person under the circumstances, the petition must exhibit it. If the cause of action be wantonness, the petition must exhibit wantonness . . ." (p. 63.)

The definition of wantonness has been recently set forth by this court in *Hickert v. Wright,* 182 Kan. 100, 319 P. 2d 152; and *Bailey v. Resner,* 168 Kan. 439, 214 P. 2d 323. It has also been said the two types of conduct (negligent conduct and wantonness) differ in kind and not degree. (*Koster v. Matson,* 139 Kan. 124, 30 P. 2d 107.) Several differences may be noted. First, the elements of proof are different; second, they differ as to the types of damages to which the plaintiff is entitled—a judgment based on negligence entitles the plaintiff to compensatory damages only, while a judgment based on wantonness entitles the plaintiff to both compensa-

tory damages and exemplary or punitive damages (*A. T. & S. F. Rld. Co. v. McGinnis*, 46 Kan. 109, 26 Pac. 453), although it is not required that a plaintiff seek exemplary or punitive damages; and third, a major difference is indicated in the way in which the judgments are affected by an adjudication of bankruptcy on the part of the defendant. A judgment based upon negligence is a debt which is dischargeable, while a judgment based on "willful and malicious injuries to the person and property of another" is not dischargeable. (11 U. S. C. A., § 35 [1953].) The findings of the trial court set forth in the journal entry of judgment use the same expression set forth in the above statute.

Counsel for the appellant concede that by reason of this finding a subsequent adjudication that the defendant herein was a bankrupt did not discharge the judgment here under attack. This has given rise to the motion to vacate the default judgment.

It is conceded the matter of damages in this case is immaterial, since the petition did not seek exemplary damages and the judgment did not include any.

Upon careful analysis of the petition presently before the court we fail to see merit in the basic premise of the appellant—that the amendment permitted by the trial court substantially changed the plaintiff's claim in the instant case. The facts alleged in the petition, heretofore quoted, clearly disclose that the collision occurred at an intersection controlled by a traffic signal in the City of Wichita; that the defendant drove his automobile into the left side of the plaintiff's automobile with great force and violence after running a red light, and driving at an unlawful speed. It further alleged the defendant at the time of the accident was definitely under the influence of intoxicating liquor.

The petition was at no time attacked by any motion and was therefore entitled to a liberal construction. It has been stated on many occasions that the plaintiff need not plead evidentiary facts. Reference to the foregoing allegations in the petition as "negligent acts aforementioned" is a conclusion of the pleader, and does not detract from the force and effect to be given the facts alleged, which fully apprised the defendant of the conduct on his part for which the plaintiff claimed damages. A similar situation was before the court in *Fabac v. St. Louis & S. F. Rly. Co.*, supra, where factual allegations in the petition were held to charge the equivalent of willful injury to the plaintiff, even though the petition referred to the facts alleged as *negligence*.

Furthermore, allegations that defendant's acts were committed purposely and wantonly add little, if anything, to the petition because wanton acts cannot be pleaded by merely alleging that a certain act was wantonly or purposely committed. It has been said a cause of action under the guest statute may be fully stated in a petition which does not mention the word "wanton" or the words "gross and wanton negligence." (*Bailey v. Resner,* supra.)

The most frequent cases coming before this court regarding conduct of "wantonness" arise in automobile accident cases under the guest statute (G. S. 1949, 8-122b).

In *Long v. Foley,* 180 Kan. 83, 299 P. 2d 63, evidence showed that the defendant drove his vehicle 70 miles per hour, touching his brakes momentarily, but proceeded across an intersection without slowing down; without stopping at the stop sign; without warning of any kind; and without regard for the flashing red light. This was recognized as gross and wanton negligence of the operator of the vehicle involved, which has been held to be the equivalent of "wantonness." (See, *Hickert v. Wright,* supra, and cases cited therein.)

Similarly, in *Hanson v. Swain,* 172 Kan. 105, 238 P. 2d 517, allegations that the defendant drove 60 miles per hour while racing another vehicle through a stop sign on a city street over the guest's protest, including all the circumstances set forth, were held to state a cause of action for gross and wanton negligence under the guest statute when tested on demurrer.

In *Johnson, Administrator v. Huskey,* 186 Kan. 282, 350 P. 2d 14, evidence which tended to show that the defendant voluntarily drove at least 80 miles per hour in the nighttime on a well-traveled highway after becoming intoxicated, was held sufficient to go to the jury upon the question of the defendant's gross and wanton negligence in an action under the guest statute.

We do not hesitate to say the factual allegations set forth in the petition herein, when sufficiently amplified by evidence, would support the findings made by the trial court. Such amendment as the trial judge permitted did not substantially change the claim of the plaintiff. As heretofore noted, the petition was not attacked by the defendant in a motion to separately state and number the causes of action or to make the petition definite and certain, although the defendant had made an entry of appearance requesting additional time to answer after having been duly summoned in the action.

It must be observed the petition prior to setting forth the specific acts of negligence was prefaced by the remark "That the defendant was *also* guilty of the following acts of negligence" (emphasis added), thereby suggesting that the plaintiff was relying upon more than one cause of action by the allegations set forth in the petition.

Our decisions hold that every party is entitled to his day in court, and to have an opportunity to defend and vindicate his rights. When notified that an action is pending against him, the defendant must exercise due diligence to present his claims in the premises to the court so that they may be adjudicated. Should he fail to do this when the opportunity is presented, he will be thereafter barred from the privilege. It has been found necessary in the administration of justice to require the exercise of a degree of diligence on the part of defendants in this respect which in some cases seems harsh and arbitrary, but it is not intended by the application of this rule to deprive any person of a full opportunity to have his rights fully investigated and adjudicated, and every case must be interpreted with this purpose in view. (*Beekman v. Trower*, supra; and see, *Ball v. Oil & Gas Co.*, 113 Kan. 763, 216 Pac. 422.)

A default judgment was recently before this court in *Becker v. Roothe*, 184 Kan. 830, 339 P. 2d 292, in which the defendant moved to vacate the judgment after the term in which it was entered on the ground of irregularity. It was there said in an action such as this (an automobile accident case) the defendant by his default in answering admits everything stated in the petition is true, except the amount of damages.

In conclusion we hold that it was well within the judicial discretion of the trial court to permit the plaintiff to amend his petition to conform to the facts proved. Such amendment did not change substantially the claim of the plaintiff. Here, the amendment permitted by the trial court was inconsequential. By reason thereof the plaintiff acquired no more or greater rights against the defendant than he had without the amendment, and the defendant lost nothing by the amendment. (See, *Alvey v. Wilson*, 9 Kan. 401.)

Under the provisions of G. S. 1949, 60-753, no variance between the allegations in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Nowhere in the record does it appear that the defendant complied with the provisions of this statute by claiming to have been misled.

In view of the foregoing decision it becomes immaterial to determine whether the appellant waived objections to the judgment. Other questions suggested by the factual statement also become immaterial to a determination of this case.

For the reasons heretofore stated the order of the trial court overruling the appellant's motion to vacate the default judgment entered by the trial court on the 24th day of August, 1955, was correct. The decision of the trial court is affirmed.